UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TERRENCE ZEIGLER,

                              Plaintiff,

-against-

NEW YORK CITY POLICE COMMISSIONER WILLIAM BRATTON; 75TH PCT. DETECTIVES CAUCASIAN, AND LATINO JOHN DOE #1, 2, 3, 4; POLICE OFFICER MICHAEL ARDOLINO, SHIELD# 4618, POLICE OFFICER MATTHEW DEMAIO, SHIELD #23579, SERGEANT DAVD GRIECO, SHIELD #3830, SERGEANT ROBERT MARINTEZ, SHIELD #1369, DETECTIVE DAVID QUATTROCCHI, SHIELD #15010, POLICE OFFICER WILLIAM SCHUMACHER, SHIELD #4618, AND POLICE OFFICER ALEXIS YANEZ, SHIELD #23098,

                              Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS ARDOLINO, DEMAIO, GRIECO, MARTINEZ, QUATTROCCHI, SCHUMACHER, AND YANEZ**

17-CV-04639 (KAM) (SJB)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendants Police Officer Michael Ardolino, Police Officer Matthew Demaio, Sergeant David Grieco, Sergeant Robert Martinez, Detective David Quattrocchi, Police Officer William Schumacher, and Police Officer Alexis Yanez, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allegee, upon information and belief, as follows:

### AS TO "SECTION I. PARTIES"

    1. State that section "I. A." of the complaint and its subparts are statements to which no responses are required.

    2. State that section "I. B." of the complaint and its subparts are statements to which no responses are required.

## AS TO "SECTION II. STATEMENT OF CLAIM"

3. State that section "II. A." of the complaint is a statement to which no response is required.

4. State that section "II. B." of the complaint is a statement to which no response is required.

5. Deny the allegations set forth in section "II. C." of the complaint.

6. Deny the allegations set forth in section "II. D." of the complaint, except admit that on July 29, 2016, at 705 Logan Street, Brooklyn, New York, plaintiff was arrested pursuant to a valid arrest warrant.

## AS TO "SECTION III. INJURIES"

7. Deny the allegations set forth in section "III." of the complaint.

## AS TO "SECTION IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES"

8. State that section "IV. A." of the complaint is a statement to which no response is required.

9. State that section "IV. B." of the complaint is a statement to which no response is required.

10. State that section "IV. C." of the complaint is a statement to which no response is required.

11. State that section "IV. D." of the complaint is a statement to which no response is required.

12. State that section "IV. E." of the complaint and its subparts are statements to which no response is required.

13. State that section "IV. F." of the complaint and its subparts are statements to which no response is required.

14. State that section "IV. G." of the complaint is a statement to which no response is required.

### AS TO "SECTION V. RELIEF"

15. Deny the allegations contained in section "V" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

### AS TO "SECTION VI. PREVIOUS LAWSUITS"

16. State that section "VI. A." of the complaint is a statement to which no response is required.

17. State that section "VI. B." of the complaint is a statement to which no response is required.

18. State that section "VI. C." of the complaint is a statement to which no response is required.

19. State that section "IV. D." of the complaint and its subparts are statements to which no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

20. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

21. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

22. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

23. Defendants Ardolino, Demaio, Grieco, Martinez, Quattrocchi, Schumacher, and Yanez have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

24. At all times relevant to the acts alleged in the complaint, defendants Ardolino, Demaio, Grieco, Martinez, Quattrocchi, Schumacher, and Yanez acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions.  There defendants Ardolino, Demaio, Grieco, Martinez, Quattrocchi, Schumacher, and Yanez are entitled to governmental immunity from liability on plaintiff's state law claims.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

25. To the extent that the complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-e *et seq*.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

26. Plaintiff's action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

27. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

28. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

29. Plaintiff provoked any incident.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

30. Plaintiff may have failed to mitigate damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

31. There was probable cause for the search of plaintiff and/or his premises.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

32. There was probable cause/exigent circumstances to enter plaintiff's residence.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

33. There was probable cause for the arrest, detention, and/or prosecution of plaintiff.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

34. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

**WHEREFORE,** defendants Police Officer Michael Ardolino, Police Officer Matthew Demaio, Sergeant David Grieco, Sergeant Robert Martinez, Detective David Quattrocchi, Police Officer William Schumacher, and Police Officer Alexis Yanez request

- 6 -

judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          October 15, 2018

                                ZACHARY W. CARTER
                                Corporation Counsel of the City of
                                  New York
                                *Attorney for Defendants Ardolino, Demaio, Grieco, Martinez, Quattrocchi, Schumacher, and Yanez*
                                100 Church Street
                                New York, New York 10007
                                (212) 356-3535


By:       /s/
        Christopher D. DeLuca
        *Senior Counsel*

cc:   **BY FIRST-CLASS MAIL**
      Terrence Zeigler
      *Plaintiff* Pro Se
      105-34 86th Street, Apt. 2R
      Jamaica, New York 11417